# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DAVID A. VAN ASDALE,**
              **Plaintiff,**

**-vs-**                                            Case No. 6:08-cv-531-Orl-19KRS

**APOLLO ASSOCIATES, LTD.,**
**AMERICA FIRST APARTMENT**
**INVESTORS, INC.,**
**SENTINEL PROPERTY MANAGEMENT**
**CORP.,**
**MARTIN CAWLEY,**
              **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** **JOINT MOTION TO APPROVE FLSA SETTLEMENT AND FOR DISMISSAL WITH PREJUDICE (Doc. No. 23)**
>
> **FILED:** **December 5, 2008**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This case was brought under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201, *et seq.* In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id*. at 1353.

In Plaintiff David A. Van Asdale's response to Court Interrogatories, he averred that he was owed $25,000.00 in unpaid overtime wages. Doc. No. 19. Van Asdale has agreed to settle for $5,000.00, plus a payment of $2,500.00 to his attorneys for their fees. Doc. No. 23-2 at 2. Based on documentation and information supplied by Defendant Apollo Associates, Ltd.,[1] Van Asdale concedes that he was an independent contractor. Doc. No. 23 at 1-2. In the motion to approve the settlement, Van Asdale further concedes that it would be difficult for him to prove that he ever worked more than 40 hours in a workweek. *Id*.

Independent contractors are exempt from the overtime requirements of the FLSA. 29 U.S.C. § 207(a)(1); *Arasimowicz v. The Sands Hotel, Inc.*, No. 07-80929-CIV, 2008 WL 1995039, at *2 (S.D. Fla. May 8, 2008). Given Van Asdale's admission that he is an independent contractor, and thus not entitled to overtime, any payment Van Asdale receives is more than fair. Therefore, the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id*. at 1354.

The Court need not approve the other provisions of the settlement agreement. I note that settlement agreement contains terms that this Court would not approve, such as the confidentiality agreement which is partially unenforceable in light of the public filing of the settlement agreement. *See* Doc. No. 23-2 at 3-4. Accordingly, I recommend that the Court not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.

---

[1] Van Asdale previously dismissed Defendants Martin Cawley, Sentinel Property Management Corp., and America First Apartment Investors, Inc., leaving Apollo Associates, Ltd. as the only remaining defendant. Doc. No. 14.

Accordingly, I recommend that the Court do the following:

**FIND** that the overtime compensation Van Asdale will receive pursuant to the Settlement Agreement is a fair resolution of a bona fide dispute under the FLSA;

**DECLINE** to reserve jurisdiction to enforce the settlement agreement;

**DISMISS** the case with prejudice; and,

**DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 22, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy